WO                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa, | No. CV 21-00881-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

On May 17, 2021, Plaintiff Alfred E. Caraffa,[1] who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint and an Application to Proceed In Forma Pauperis. In a May 26, 2021 Order, the Court denied the Application to Proceed pursuant to 28 U.S.C. § 1915(g) and dismissed the Complaint and this action without prejudice. The Clerk of Court entered Judgment the same day.

On June 7, 2021, Plaintiff filed a Notice of Appeal, a "Motion to Support Appeal" (Doc. 8), and a "Motion for: Transfer of Transcript(s), Case File and Exhibits of Evidence" (Doc. 9).

**I.     Motion to Support Appeal**

To the extent Plaintiff's Motion to Support Appeal seeks reconsideration of the May 26 Order, the Court will deny it. Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz.

---

[1] Plaintiff is housed in a male facility but uses feminine pronouns to refer to herself. The Court will do the same.

1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed Plaintiff's Complaint, the May 26 Order, and the Motion to Support Appeal. The Court finds no basis to reconsider its decision. Thus, the Court will deny Plaintiff's Motion To Support Appeal.

**II. Motion for Transfer**

In her Motion for Transfer, Plaintiff requests the Court transfer to the Ninth Circuit Court of Appeals and the Supreme Court "the transcripts, case file and exhibits of evidence."

Rule 10(a) of the Federal Rules of Appellate Procedure states that the record on appeal consists of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." No hearings were held in this action and, therefore, there are no transcripts. There is no need to provide the other portions of the record on appeal at this point. Rule 11-4.4 of the Ninth Circuit Rules states that "[w]hen the Court of Appeals at

any time requires all or part of the clerk's record, the Clerk of the Court of Appeals will request the record from the district court." Similarly, Rule 12.7 of the Rules of the Supreme Court of the United States provides that "[t]he clerk of the court having possession of the record shall keep it until notified by the Clerk of this Court to certify and transmit it." The Court will therefore deny Plaintiff's Motion for Transfer.

**IT IS ORDERED:**

(1) Plaintiff's "Motion to Support Appeal" (Doc. 8), to the extent it seeks reconsideration of the May 26, 2021 Order, is **denied**.

(2) Plaintiff's "Motion for: Transfer of Transcript(s), Case File and Exhibits of Evidence" (Doc. 9) is **denied**.

(3) This case must remain **closed**.

Dated this 28th day of June, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge